UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**CARLTON BARBER,**
on behalf of himself and all other persons similarly situated, known and unknown,

        Plaintiff,

vs.

**C.L. WILLIAMS ENTERPRISES, INC.,**
**and CHARLES WILLIAMS,**
a Michigan for-profit company and owner of said Michigan for-profit company,

        Defendants.

Case No:
Hon.
Magistrate Judge

_____/

Bryan Yaldou (P70600)
Omar Badr (P70966)
THE LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com

*Attorneys for Plaintiff*

_____/

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff Carlton Barber ("Plaintiff Barber"), by and through his attorneys, The Law Offices of Bryan Yaldou, PLLC, for his complaint against Defendant C.L. Williams Enterprises, Inc. ("Defendant C.L. Williams Enterprises") and Defendant Charles Williams ("Defendant Williams"), and hereby alleges the following:

## INTRODUCTION

1. This is a civil action seeking relief under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* Plaintiff Barber is a former employee of Defendant C.L. Williams Enterprises and Defendant Williams, whose rights under the FLSA have been violated. Plaintiff Barber now seeks to recover the benefits due to him from Defendant C.L. Williams Enterprises and Defendant Williams under the FLSA as a result of Defendants' failure to pay minimum wages and the overtime wage premium to Plaintiff Barber and other similarly situated misclassified employees.

2. Plaintiff Barber seeks a declaration that his rights under the FLSA have been violated; an award of the unpaid wages owed to him; an award of liquidated damages in an amount equal to the unpaid wages owed to him; and an award of reasonable attorney's fees and costs as provided for in the FLSA, in order to compensate him for damages suffered and to ensure that future employees will not

suffer as a result of such illegal conduct on the part of Defendant C.L. Williams Enterprises and Defendant Williams in the future.

## JURISDICTION AND VENUE

3. Plaintiff Barber hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

4. This Court has federal question jurisdiction over Plaintiff Barber's FLSA claim pursuant to 29 U.S.C. §216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(a) and 1391(b), because Defendant C.L. Williams Enterprises and Defendant Williams reside in this District. Plaintiff Barber also worked for the Defendants in this District, and suffered the damages at issue in this District. Furthermore, Defendant C.L. Williams Enterprises and Defendant Williams have significant business contacts within this District. Finally, venue is proper in this District because the actions and events giving rise to Plaintiff Barber claims occurred in this District.

## PARTIES

6. Plaintiff Barber hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

7. Plaintiff Barber is an adult citizen of the State of Michigan, who resides in this judicial district.

8. Plaintiff Barber worked as a care giver for Defendant C.L. Williams Enterprises and Defendant Williams from 2013 to 2016.

9. Defendant C.L. Williams Enterprises is a for-profit Michigan company with its office at 2355 E. Stadium Blvd Ann Arbor, MI 48104.

10. Defendant Williams is the former owner and a corporate officer of Defendant C.L. Williams Enterprises.

## STATEMENT OF MATERIAL FACTS

11. Plaintiff Barber hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

12. Plaintiff Barber's position for Defendant C.L. Williams Enterprises and Defendant Williams was to provide direct care to the Defendants' home healthcare clients.

13. From January 2015 until January 2016, Plaintiff Barber stayed five days a week in the home of one of the Defendants' clients, Louise Hauenstein.

14. Plaintiff Barber had his own bedroom at Ms. Hauenstein's home and lived there 24 hours a day, five days a week.

15. Workers who provide direct care to these kinds of clients are protected by the FLSA. (Exhibit A, Application of the Fair Labor Standards Act to Domestic Service, Final Rule (Sept. 2013)).

16. Plaintiff Barber woke Ms. Hauenstein up each morning at 7:00 a.m. Each night he laid out her clothes for the next day. Each morning he would dress her, help her get cleaned up, and roll her into her kitchen living space. Ms. Hauenstein had a small TV and a couch right off of the kitchen. Plaintiff Barber would set her up so that she could watch the news and he would cook her breakfast. After she was done with her breakfast, he would lay her down for her nap. As she napped he would make his own breakfast and prepare her lunch. Plaintiff Barber typically ate his own breakfast from 11:00 a.m. to 11:30 a.m. Ms. Hauenstein typically woke up from her nap as Plaintiff Barber was eating his breakfast and he served her lunch. As Ms. Hauenstein ate lunch, Plaintiff Barber would clean up the kitchen. After her lunch Ms. Hauenstein would read the newspaper and Plaintiff Barber would attend to the household chores. Plaintiff Barber did laundry, tidied up the house, made her bed, and performed other household duties. At 2:00 p.m. the newspaper would come and Plaintiff Barber would take the newspaper to Ms. Hauenstein. In the afternoon, Plaintiff Barber would make another meal for Ms. Hauenstein. Ms. Hauenstein took her cocktails between 4:30 p.m. and 6:00 p.m. or 7:00 p.m. Plaintiff Barber would fix Ms. Hauenstein another snack before bed. Plaintiff Barber would eat his dinner between 7:00 p.m. and 7:30 p.m. Ms. Hauenstein went to bed between 8:00 p.m. and 8:30 p.m. (Exhibit B ¶ 3).

17. Each night Ms. Hauenstein would wake Plaintiff Barber up 2 or 3 times for various reasons. Ms. Hauenstein had a buzzer in her room she could access from her bed. The buzzer would buzz in Plaintiff Barber's room. Plaintiff Barber would get out of bed and attend to the needs of Ms. Hauenstein. Sometimes she needed to use the restroom or have her brief changed. Sometimes she wanted to watch TV or listen to music. On average Plaintiff would get up with Ms. Hauenstein for 15 minutes each time she got up throughout the evening. (Exhibit B ¶ 5).

18. Plaintiff Barber worked from 7:00 a.m. to 8:30 p.m. each day for the Defendants. During that time, he received two 30-minute meal breaks. Plaintiff Barber worked 12.50 hours each day.

19. Additionally, on average Plaintiff Barber worked another 45 minutes each night attending to Ms. Hauenstein when she buzzed him.

20. Plaintiff Barber worked 13.25 hours a day, five days a week. On average Plaintiff Barber worked 66.25 hours a week.

21. Plaintiff Barber was compensated for 40 hours a week in the year 2015, regardless of how many hours he actually worked. (Exhibit C). Because Plaintiff Barber worked more than 8 hours per day, Plaintiff Barber was not compensated for all the hours that he worked.

22. The other care givers who worked at Ms. Hauenstein's home worked the same schedule as Plaintiff Barber.

23. All caregivers who stayed at Defendant C.L. Williams Enterprises' clients' homes were subject to the same policy of only receiving pay for 40 hours a week even when they worked well over 40 hours in a workweek.

## COLLECTIVE ACTION ALLEGATIONS

24. Plaintiff Barber hereby repeats and realleges the preceding paragraphs as though fully set forth herein.

25. Plaintiff Barber brings the FLSA claim in this action as a collective action under 29 U.S.C. § 216(b).

26. Plaintiff Barber asserts these claims on behalf of himself, and on behalf of all similarly situated current and former employees of Defendant C.L. Williams Enterprises, who worked as care givers and who were not paid all compensation required by the FLSA during the last three years as a result of Defendant C.L. Williams Enterprises' compensation policies and practices.

27. Plaintiff Barber seeks to notify the following employees of their right under 29 U.S.C. § 216(b) to join this action by filing in this Court written notice of their consent to join the action: All individuals who worked at any time during the past three years for the Defendant C.L. Williams Enterprises as care givers, who were not paid the minimum wage or did not receive the overtime wage premium of

one and one-half times their regular rate of pay for hours worked in excess of 40 hours in a workweek.

28. The FLSA provides for a three-year statute of limitations for causes of action arising out of a willful violation of that Act. 29 U.S.C. § 255. As alleged above, the claims of Plaintiff Barber, and similarly situated current and former employees, arise out of Defendants' willful violations of the FLSA. Accordingly, the Court should require appropriate notice of this action be given to all current and former care givers that worked for Defendant C.L. Williams Enterprises within three years from the filing of this Complaint.

29. On information and belief to be true, Defendant C.L. Williams Enterprises and Defendant Williams have employed hundreds of similarly situated employees during the time period relevant to this action.

30. The identities of these employees, as a group, are known only to Defendant C.L. Williams Enterprises. Because the numerous members of this collective action are unknown to Plaintiff Barber, joinder of each member is not practicable.

31. Plaintiff Barber asks this Court to require Defendant C.L. Williams Enterprises to furnish him with the employee contact information of other similarly situated employees. The similarly situated employees are readily identifiable to the Defendant C.L. Williams Enterprises and may be located through its records.

Plaintiff Barber asks this Court to require Defendants to provide this information so that the putative class members may be readily notified of this action and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their FLSA claims.

32.     Collective adjudication is appropriate in this case because the employees who Plaintiff Barber wishes to notify of this action have been employed in the same position as him; have performed work similar to his; were subject to the same policies and procedures as he was; and have been subject to compensation practices similar to those which form the basis of his case, including unlawful failure to pay the minimum wage and overtime premiums under the FLSA.

## COUNT I

### Defendant C.L. Williams Enterprises- Violation of the Minimum Wage Provision of the FLSA

33.     Plaintiff Barber hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

34.     Plaintiff Barber was an "employee" of Defendant C.L. Williams Enterprises, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant C.L. Williams Enterprises "suffered or permitted" Plaintiff Barber to work for it.

35. Defendant C.L. Williams Enterprises was Plaintiff Barber's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant C.L. Williams Enterprises "suffered or permitted" Plaintiff Barber to work for it.

36. Defendant C.L. Williams Enterprises is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in processing and handling of supplies and equipment which moved in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

37. Defendant C.L. Williams Enterprises is required to comply with the requirements of the FLSA.

38. Plaintiff Barber was a covered employee entitled to the protections of the FLSA and was not exempt from the minimum wage provision of the FLSA.

39. The minimum wage provision of FLSA, 29 U.S.C. § 206, requires employers to pay employees at least the minimum wage for all time worked.

40. Defendant C.L. Williams Enterprises has failed to pay Plaintiff Barber in compliance with the FLSA because he was not paid at least the minimum wage for all hours he worked in accordance with 29 U.S.C. § 206.

41. In addition to compensatory damages for his unpaid wages, Plaintiff Barber is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorney's fees, to be

paid by Defendant C.L. Williams Enterprises for its willful failure to pay at least the minimum wage for all hours worked by Plaintiff Barber.

WHEREFORE, Plaintiff Barber respectfully request that the court enter judgment against Defendant C.L. Williams Enterprises and in favor of Plaintiff Barber, declare that Defendant C.L. Williams Enterprises willfully violated the minimum wage provisions of the FLSA, and grant Plaintiff Barber compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to his compensatory damages, and reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT II

### Defendant C.L. Williams Enterprises- Violation of the Overtime Wage Provision of the FLSA

42.  Plaintiff Barber hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

43.  Plaintiff Barber was an "employee" of Defendant C.L. Williams Enterprises, as that term is defined by the FLSA, 29 U.S.C. § 203(e), because Defendant C.L. Williams Enterprises "suffered or permitted" Plaintiff Barber to work for it.

44.  Defendant C.L. Williams Enterprises was Plaintiff Barber's "employer," as defined by the FLSA, 29 U.S.C. § 203(d), because Defendant C.L. Williams Enterprises "suffered or permitted" Plaintiff Barber to work for it.

45. Defendant C.L. Williams Enterprises is an "enterprise" as defined by the FLSA, 29 U.S.C. § 204(r)(1), and is an enterprise engaged in processing and handling of supplies and equipment which moved in interstate commerce within the meaning of the FLSA. 29 U.S.C. § 203(s)(1).

46. Defendant C.L. Williams Enterprises is required to comply with the requirements of the FLSA.

47. Plaintiff Barber was a covered employee entitled to the protections of the FLSA and was not exempt from the overtime wage provision of the FLSA.

48. The overtime wage provision of FLSA, 29 U.S.C. § 207, requires employers to pay an overtime premium of one and one-half times an employee's regular rate for every hour worked over 40 hours in a workweek.

49. Defendant C.L. Williams Enterprises did not pay Plaintiff Barber one and one-half of his regular rate of pay for hours worked over 40 hours in a workweek.

50. Defendant C.L. Williams Enterprises willfully failed to pay Plaintiff Barber the required overtime wage premium when Plaintiff Barber worked more than 40 hours in a workweek, in violation of the FLSA.

51. In addition to compensatory damages for the required overtime wage premium, Plaintiff Barber is owed liquidated damages in an amount equal to his compensatory damages pursuant to the FLSA, 29 U.S.C. § 216(b), and his reasonable attorney's fees, to be paid by the Defendant C.L. Williams Enterprises

for its willful failure to pay at least the overtime wage premium for all hours worked by Plaintiff Barber.

WHEREFORE, Plaintiff Barber respectfully request that the court enter judgment against Defendant C.L. Williams Enterprises and in favor of Plaintiff Barber, declare that Defendant C.L. Williams Enterprises willfully violated the overtime wage provisions of the FLSA, and grant Plaintiff Barber compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to his compensatory damages, and reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT III

**Defendant Williams- Violation of the Minimum Wage Provision of the FLSA**

52. Plaintiff Barber hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

53. Defendant Williams was an employer of Plaintiff Barber under 29 U.S.C. § 203(e) because he "suffered or permitted" Plaintiff Barber to work for him.

54. Defendant Williams, had ownership interest in the enterprise Defendant C.L. Williams Enterprises during the time in which Plaintiff Barber and the putative class members were not paid in compliance with the FLSA.

55. Defendant Williams also had operational control of Defendant C.L. Williams Enterprises. Defendant Williams was in charge of the pay policies and signed off on all of the payroll for Defendant C.L. Williams Enterprises employees.

56. As an employer of Plaintiff Barber and putative class members, Defendant Williams was required to comply with the requirements of the FLSA.

57. Defendant Williams willfully failed to comply with the minimum wage provision of the FLSA.

58. Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991), Defendant Williams is jointly and severally liable for the violations of the FLSA.

WHEREFORE, Plaintiff Barber respectfully requests that the court enter judgment against Defendant Williams and in favor of Plaintiff Barber, declare that Defendant Williams willfully violated the minimum wage provision of the FLSA, and grant Plaintiff Barber compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to his compensatory damages, and the reasonable attorney's fees and costs incurred in prosecuting this claim.

## COUNT IV

**Defendant Williams- Violation of the Overtime Provision of the FLSA**

59. Plaintiff Barber hereby repeats and realleges all preceding paragraphs as though fully set forth herein.

60. Defendant Williams was an employer of Plaintiff Barber under 29 U.S.C. § 203(e) because he "suffered or permitted" Plaintiff Barber to work for him.

61. Defendant Williams had an ownership interest in the enterprise Defendant C.L. Williams Enterprises during the time in which Plaintiff Barber and the putative class members were not paid in compliance with the FLSA.

62. Defendant Williams also had operational control of Defendant C.L. Williams Enterprises. Defendant Williams was in charge of the pay policies and signed off on all of the payroll for Defendant C.L. Williams Enterprises employees.

63. As an employer of Plaintiff Barber and putative class members, Defendant Williams was required to comply with the requirements of the FLSA.

64. Defendant Williams willfully failed to comply with the overtime wage provision of the FLSA.

65. Under the theory of Corporate Officer Liability adopted by this circuit in *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 965 (1991), Defendant Williams is jointly and severally liable for the violations of the FLSA.

WHEREFORE, Plaintiff Barber respectfully requests that the court enter judgment against Defendant Williams and in favor of Plaintiff Barber, declare that Defendant Williams willfully violated the overtime wage provision of the FLSA,

and grant Plaintiff Barber compensatory damages in an amount to be determined at trial, along with liquidated damages in an amount equal to his compensatory damages, and the reasonable attorney's fees and costs incurred in prosecuting this claim.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Barber, individually and on behalf of all others similarly situated, respectfully requests that the Court grant the following relief:

A.   The actions of Defendant C.L. Williams Enterprises and Defendant Williams complained of herein be adjudicated, decreed, and declared a violation of Defendants' obligations under the FLSA;

B.   Find that Defendant C.L. Williams Enterprises and Defendant Williams willfully violated the FLSA, and enter judgment in Plaintiff Barber's favor and accordingly against Defendants, jointly and severally;

C.   Certify the federal-law claims in this case as a collective action under Section 16(b) of the FLSA, 29 U.S.C. § 216(b), and require that notice of their right to join this action by filing with this Court written consent to do so be given to all of Defendant C.L. Williams Enterprises and Defendant Williams' workers who are similarly situated to Plaintiff Barber;

D.   Declare the rights of the parties and provide commensurate injunctive relief;

E. Award any compensatory damages due to Plaintiff Barber for any unpaid wages together with an equal amount in liquidated damages according to the applicable statutes of limitations;

F. Award liquidated damages to Plaintiff Barber equal to the amount of unpaid back wages, pursuant to the FLSA;

G. Award prejudgment interest with respect to the total amount of unpaid compensation to the extent permitted by applicable law;

H. Establish a constructive trust, until further order of the Court, consisting of monies improperly withheld by Defendant C.L. Williams Enterprises and Defendant Williams due to its above-described improper conduct;

I. Award reasonable attorney's fees and costs to Plaintiff Barber's counsel as allowed by applicable law and statute; and

J. Award such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

NOW COME Plaintiff Barber, by and through his attorneys, The Law Offices of Bryan Yaldou, PLLC, on behalf of themselves and others similarly situated, and hereby demands a trial by jury of the above entitled matter.

/s/ Bryan Yaldou_____
Bryan Yaldou (P70600)

Omar Badr (P70966)
LAW OFFICES OF
BRYAN YALDOU, PLLC
23000 Telegraph, Suite 5
Brownstown, MI 48134
Phone: (734) 692-9200
Fax: (734) 692-9201
bryan@yaldoulaw.com
*Attorneys for Plaintiff*

Dated: July 27, 2017